Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of DEMETRIUS J. FRANCE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* THE KINGSTON SHIPBUILDING CORPORATION, Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 3, 1920.

**Workmen's Compensation Law — hernia and loss of testicle — excessive award.**

Appeal from an award by the State Industrial Commission for injuries resulting in a hernia and the loss of a testicle. On all the evidence, *held*, that the award was excessive and should be reversed and the matter remitted to the Commission.

APPEAL by the defendants, The Kingston Shipbuilding Corporation and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 1st day of July, 1919.

*Blauvelt & Warren* [*Francis J. MacIntyre* and *Maurice J. O'Callaghan* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, J.:

The award herein is excessive. On September 11, 1918, claimant fell from a scaffold injuring his right testicle and sustaining a hernia. He went to a hospital and on October 6, 1918, the injured testicle was removed and the hernia which seems to have been slight was repaired. He was discharged from the hospital October twenty-fifth. About three weeks after leaving the hospital a difficulty developed in his left testicle which the Commission has found resulted from his fall from the scaffold. On February 11, 1919, he was examined by Dr. Hannock, a medical examiner of the Commission, who reported that in his opinion the claimant was able to do some work and was not totally disabled and that " in the course of four to six weeks he would be able to resume his old employment, particularly if he uses his support." On March 13, 1919, a hearing was had before the Commission. That was more than four weeks after Dr. Hannock said that he thought the claimant would be able to resume his old employment in from four to six weeks. The claimant was examined at length but neither then nor at any subsequent time did he testify that he was unable to work or that the injuries he had previously received then caused him any difficulty or interfered with his ability to perform manual labor. He testified that the pain in the left testicle had disappeared and also the swelling since January first. On May 3, 1919, another hearing was had at which the physicians of the claimant were examined at length. One of them testified that in his opinion the period of disability of the claimant due to his operation would be about ten weeks. Another testified that he had treated the claimant for two or three months after his operation. A physician of the employer testified that he had examined the claimant the day of the former hearing, March thirteenth, and that he was then able to perform his regular work. No other evidence appears as to the period of disability. The Commission held the matter in abeyance until July first when they made an award of $15

weekly covering the entire period of forty-two weeks from the date of the accident to the date of the award, amounting to $630, and continued the case for further hearing.

According to the report of Dr. Hannock, medical examiner of the Commission, compensation should not have been awarded for a period later than four to six weeks after February 11, 1919, when the report was made and more particularly so because the claimant as a witness on March 13, 1919, failed at that time to give any testimony indicating that Dr. Hannock was mistaken. The examination and report of Dr. Hannock were made prior to the hearings before the Commission and it would seem that his report cannot be considered as evidence. If it be disregarded the most favorable consideration of the evidence indicates that the claimant could have worked in December or January. In any event there was no disability later than March. The award of compensation until July was erroneous.

The award should be reversed and the matter remitted to the Commission.

All concur.

Award reversed and matter remitted to the Commission.